[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO SET ASIDE
This is an action instituted by the plaintiff, Peter Averso against the defendants Amy Scoville and Anna Vallieres for injuries sustained by the plaintiff in a multi-vehicle automobile accident. Scoville admitted liability. Vallieres denied liability. After a jury trial, a verdict was rendered against defendant Scoville and in favor of defendant Vallieres. Pending before the court is the plaintiff's motion to set aside the verdict. For the following reasons, this motion is granted as to Scoville and denied as to Vallieres. In light of the court's ruling on the motion to set aside, the plaintiff's motion for additur, or in the alternative, for a new trial is denied.
The jury received interrogatories instructing it to answer four questions. The parties stipulated and agreed to the format and the questions. In two separate questions, the jury was asked whether each defendant's negligence was a substantial factor in causing injuries and losses to the plaintiff. If either of these questions was answered. affirmatively, the jury was then asked in two other questions to determine the proportion of the plaintiff's total damages attributable to that defendant's negligence. There was no contributory negligence defense asserted by either defendant. Thus, the jury was instructed that the combined responsibility of the defendants for the plaintiff's damages was required to total either 0% (if there were a verdict for both defendants) or 100% (if there were CT Page 5369 a verdict for the plaintiff against either one or both of the defendants). See generally, Connecticut General Statutes § 52-572h (f).
In answering the interrogatories, the jury explicitly found that Vallieres' actions "were not a substantial factor in causing injuries and losses to the plaintiff", and accordingly, the jury rendered a verdict in favor of Vallieres. There is nothing unclear or ambiguous about the jury's verdict as to Vallieres and there is no basis for disturbing the jury's verdict in this regard.
As to Scoville, the jury stated that Scoville's negligence was a substantial factor in causing injuries and losses to the plaintiff, and the jury then stated that 4.7% of plaintiff's total alleged damages was attributable to Scoville. In the verdict, the jury found the. plaintiff's total damages to be $7,703.00.
The court agrees with the plaintiff that the jury's verdict. as to Scoville is inconsistent and ambiguous, and therefore, must be set aside. See Connecticut General Statutes § 52-228b;Ginsberg v. Fusaro, 225 Conn. 420, 425-26 (1993). The jury failed to follow the interrogatory instructions. The jury was instructed on the interrogatory form that if either defendant were found liable, the total percentage of the liability was required to equal 100%. The jury's finding that only 4.7% of the plaintiff's total damages is attributable to Scoville cannot be reconciled with these instructions. Consequently, it is not possible to determine from the interrogatory answers and the verdict whether the jury intended to award the plaintiff $7,703 or $362 (4.7% of $7,703). In short, there can be no question that the jury was either confused or mistaken in some significant or material way.
The court concludes that these issues go to the substance of the verdict and not merely to the form of the verdict, and therefore, the court rejects Scoville's argument that the plaintiff's failure to take exception or object to the verdict when announced precludes the plaintiff from raising the present objections through a motion to set aside the verdict. Ginsbergv. Fusaro, 225 Conn., supra, at 426-427. The cases cited by Scoville to support her argument are inapposite.
Therefore, for the foregoing reasons, the motion to set aside the verdict is denied as to defendant Anna Vallieres. The motion to set aside the verdict is granted as to defendant Amy CT Page 5370 Scoville and a new trial is ordered.
So ordered this 5th day of May 2000.
____________________, J. STEVENS, J.